# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GREIGORY L. HOLMES, and**
**JAMES JACOBS**

       **Plaintiffs,**

                                           Case No. 18–cv–1063–DRH

**vs.**

**LATORYA LOUNG,**
**JUILENN LYNN,**
**MELIENNA JONES,**
**MERONDA KENNILE,**
**CLARRISHA,**
**DEBBRA,**
**HALE,**
**AMANDA YETS,**
**DEATHROLL,**
**SERBRITNA,**
**JEVENA,**
**SHAREL MOORE,**
**MOORE, and**
**MORGAN NETHER,**
       **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

     Plaintiff Greigory Holmes, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

>  (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>  (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff alleges a variety of grievances, including that Owens and Clarrisha[1] signed his name to documents without his knowledge (Doc. 1, p. 6); Loung and Moore put a bio-electromagnetic weapon, called a "Harlan Girard," in his body without his consent by pretending that it was a TB test (*Id.*); Plaintiff and his family were tortured, causing him to take a case when he didn't want to, sign over some money, and "steal artwork from me." (*Id.*); Jones, Yets, King, Mya, and Mary ordered him and his family tortured (Doc. 1, pp. 6-7); Ann has been stealing his mail (Doc. 1, p. 7); Loung and others have sexually assaulted Plaintiff in his sleep (*Id.*); Loung and others tricked Plaintiff's family into coming to Menard Correctional Center and being sexually assaulted (*Id.*); and Menard is taking money out of Plaintiff's trust fund account (*Id.*).

Plaintiff alleges that he has grieved these issues, but the Head of the Committee and all of the wardens from 2001 until present have refused to stop it. *Id.* Plaintiff further alleges that Lynn, Maue, Hale, Wall, Dilday, Middendorf, Craig, Mitchell, and Hinsley retaliated against him for filing a lawsuit. *Id.*

Further, Plaintiff alleges that the Web, Cearson, and Jones families set Plaintiff up on the case that he is serving time for (Doc. 1, p. 8); that Plaintiff has had a boom box, 17 cassette tapes, art, 260 articles, and magazines stolen from him during transfers (*Id.*); Staff made a $928.55 billion deal with Plaintiff on a Bible verse, and refused to pay when they lost (*Id.*); and that due to the "Harlan

---

[1] Plaintiff refers to Defendant "Clarrisha" in the alternative as "Lowrisha or Lauwrisha/Clauwrisha." For simplicity's sake, the Court will refer to any and all of these names as Clarrisha.

3

Girard" device described above, Plaintiff has been enslaved by Menard's officers (*Id.*).

## Discussion

Prior to addressing the merits of Plaintiff's claims, the Court must address some preliminary matters. First of all, Plaintiff has listed "James Jacobs" as a co-Plaintiff, (Doc. 1, p. 1), but it does not appear that Jacobs is actively participating in this lawsuit, or that any of the allegations in the Complaint relate to him. The Complaint form used by Plaintiff directs a litigant to submit a separate sheet of paper listing any co-plaintiff's name, aliases, I.D. number, place of confinement, and current address, but no sheet was submitted on Jacobs' behalf. (Doc. 1, p. 2). In fact, the Court has no address for Jacobs at all. Jacobs did not sign the Complaint. (Doc. 1, p. 10). The civil cover sheet submitted in connection with this suit does not list Jacobs as a Plaintiff. (Doc. 2, p. 1). Jacobs did not submit a motion to proceed IFP. Plaintiff has filed two additional motions since bringing this case, neither of them is signed by Jacobs. (Doc. 12) (Doc. 14). Most importantly, Jacobs is not mentioned in the statement of claim, and none of the allegations appear relevant to Jacobs. The Court therefore presumes the inclusion of Jacobs was in error, and **DISMISSES** him without prejudice. Jacobs will not be assessed a filing fee or a strike pursuant to 28 U.S.C. 1915(g).

The next matter is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 14). While normally the Court would permit a plaintiff to amend once as a matter of course pursuant to Fed. R. Civ. P. 15(a), here Plaintiff

4

has not followed the local rules requiring him to submit a proposed amended complaint with the new allegations underlined to distinguish them from the old. SDLR 15.1. That alone is grounds for denying the motion. Moreover, Plaintiff alleges that an additional 43 defendants are also using the "Harlan Girard" against him to get revenge for his previous lawsuits. (Doc. 14, p. 2). As Plaintiff has not followed the local rules, the Court **DENIES** his motion for leave to amend, although the amendment would likely be futile in any event because the allegations are factually frivolous.

Turning to the merits, it is clear that this case must be dismissed in its entirety because the allegations are factually frivolous. Allegations are factually frivolous where they are "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774-75 (7th Cir. 2002)("[N]o evidentiary hearing is required in a prisoner's case . . . when the factual allegations are incredible. . . A frivolous suit does not engage the jurisdiction of the district court."). The Seventh Circuit upheld a factually frivolous determination in *Gladney* where the prisoner alleged that guards at 3 different prisons unlocked the door of his cell at night, allowing other prisoners to drug and rape him, a circumstance that only came to the plaintiff's attention when he found a lone needle mark under his lip. *Gladney*, 302 F.3d at 774.

This case is similar to *Gladney*. Like the plaintiff in that case, Plaintiff is alleging that he is subjected to sexual assaults at night while he is sleeping. He is

5

also alleged that he is being subjected to mind control through a "Harlan Girard" device that was implanted through a TB test. The alleged sexual abuse and "slavery" extends to Plaintiff's family as well. He has further alleged that he is owed billions of dollars. These allegations are factually frivolous, and clearly lack any basis in reality. Although Plaintiff has made some allegations that may have a basis in fact (i.e. that his personal property is being confiscated[2]), there is no break in the statement of claims that would justify construing those allegations as a completely separate course of conduct. That is, the Complaint strongly suggests that the mind control is part and parcel of the same course of conduct as the more mundane allegations, so much so that the Court cannot separate them. Plaintiff's allegations about the mind-control device and sexual torture make up the gravamen of his Complaint, and accordingly the Complaint must be dismissed with prejudice.

### Pending Motions

As this case will be dismissed with prejudice, Plaintiff's pending motion for an emergency transfer is **DENIED** as **MOOT**. (Doc. 12). As discussed more fully above, Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED.** (Doc. 14).

---

[2] Of course, claims regarding the loss of personal property must be heard in the Illinois Court of Claims, not federal court. *See Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8); *Stewart v. McGinnis,* 5 F.3d 1031, 1035–36 (7th Cir. 1993) (loss of personal property states no constitutional claim because Illinois Court of Claims provides adequate remedy).

**Disposition**

**IT IS HEREBY ORDERED** that James Jacobs is **DISMISSED** from this action without prejudice. Jacobs shall not be assessed a filing fee or a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED.** (Doc. 14). Plaintiff's Motion for Emergency Transfer is **DENIED** as **MOOT**. (Doc. 12). This case is **DISMISSED with prejudice** as factually frivolous. Plaintiff is assessed a strike pursuant to § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than

twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to close this case and enter judgment.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.24 10:00:14
-05'00'

**United States District Judge**